**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF NEW YORK**

**HONORABLE GLENN T. SUDDABY,**

_____

UNITED STATES OF AMERICA,        Criminal Action No. 14-CR-273 (GTS)

              Plaintiff,


    -vs-

                            **PROPOSED VOIR DIRE**

DERRICK WILSON, et al.,

              Defendant.

_____



**DEFENDANT'S QUESTIONS FOR THE COURT'S VOIR DIRE OF THE JURY**

The Defendant, Derrick Wilson, by and through his attorney, Kenneth M. Moynihan, Esq., request, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the attached questions in its general voir dire of the jurors prior to the requested attorney conducted voir dire in order that the defense may effectively exercise its challenges for cause and its peremptory challenges:

1.      Each of you should state:

           a.      your name;

           b       address;

           c.      how long you have lived at this address;

    d.      your marital status (whether married, single, widowed or

divorced);

    e.      the number and ages of your children, if any;

    f.      your occupation, its length or previous employment;

    g.      your spouse's occupation, its length or previous employment;

    h.      the name of your present employer, if any;

    i.      Whether you have the authority to promote, hire or fire people;

    j.      how many people you supervise;

    k.      how far you went in school; and

    l.      what degree(s) you acquired.

2.      Have you ever served in the United States military?  If so:

    a.      what branch;

    b.      when;

    c.      rank; and

    d.      where.

3      Do you or do any members of your family or friends know the Honorable Glenn T. Suddaby the presiding judge in this case?

4.      Do you or do any members of your family or friends know the Assistant United States Attorney Carla Freedman who will be prosecuting this case?

5.      Do you, or do any members of your family or friends know the defense attorney Kenneth M. Moynihan, Esq.?

6.      Do you know or recognize any other prospective jury panelist in the courtroom this morning?  If so, what is the basis of the relationship?  Would such relationship or

2

acquaintance influence your judgment in this case?

7.    Do you have any relatives or friends who are connected with:

      a.    law enforcement;

      b.    a district attorneys' office;

      c.    the United States Attorney's Office;

      d.    the DEA

      e.    any law enforcement or other quasi-law enforcement agency;

      f.    anyone from Federal parole or probation; and

      g.    any lawyer or law firm.

If you have any such relatives or friends connected with law enforcement, have you ever discussed the guilt or innocence of people charged with violating the law?

8.    Have you ever been a police officer or military police officer or worked in a security field either for the State or National Government or for private industry? Have you ever applied for a job with a law enforcement agency or security field?

9.    Do you or do any members of your family know any of the persons who are employed by the Government who worked on this case and who will testify in Court and any other witnesses who will testify for the prosecution in this case?  *United States v. Baldwin*, 607 F.2d 1295 (9th Cir. 1979).

10.    Have any of you ever sat as a juror in a civil case?  If so:

      a.    when;

      b.    where; and

      c.    how often.

11.    Have any of you ever sat as a juror in a criminal case?  If so:

3

      a.      when;

      b.      where;

      c.      how often;

      d.      did you reach a verdict; and

      e.      what was the verdict.

12.      Is there anything about the nature of the charges and the fact that this case involves alleged false statements to a grand jury that would make it difficult for you to be fair and impartial as a judge of the facts?

13.      Have any of you ever served on a jury in a drug case? If so:

      (a) When?

      (b) Where?

      (c) What was the verdict?

14.      Is there anything about the nature of a drug charge/escape charge that would make it difficult for you to be fair and impartial as a judge of the facts?

15.      Have any of you been subpoenaed to a grand jury or other official proceedings?

16.      Have you ever served on such a case in which there was an acquittal?  If so, did the judge comment on the verdict after it was brought in by the jury?  If so, what was said by the judge, and who was the judge involved?

17.      Have any of you testified under oath before a grand jury, during any official proceeding, or during a trial?

18.      Have you ever served on a criminal case in which there was a verdict?  If so, did anyone comment on the verdict after it was brought in by the jury?  If so, what was said either inside or outside the courtroom which may affect your deliberations in this case?

19.     Have any of you ever served on a Federal or State Grand Jury?  If so:

        a.     when;

        b.     where; and

        c.     how often.

20.     Have any of you, any members of your immediate family or friends been a party in a civil action?  If so, please explain.

21.     Have any of you, any members of your family or close personal friends ever testified in a civil or criminal trial or before a Grand Jury?  If so please explain.

22.     Have any of you, any members of your immediate family or friends known anyone who has been a victim of a crime or been injured in the course of a crime?  Will that experience affect your judgment in this case?

23.     Have any of you, any member of you immediate family, or friends known anyone who has been investigated by a grand jury?

24.     Do you agree with the fact that an indictment is merely a device for setting in motion the presentation of a case to the jury for your individual determination of a person's innocence or guilt; that it is not proof and that no unfavorable inference may be drawn against a person merely because he or she is charged with a crime?

27.     How do you feel about our basic constitutional presumption that every person charged with a criminal offense is presumed innocent of any crime until proven guilty beyond a reasonable doubt and to a moral certainty?  Would you have any difficulty applying this presumption?

27.     Knowing now that the burden of proof is for the prosecution to establish, would you require Derrick Wilson at any time to satisfy you as to his innocence?

28.     Do you realize that the burden of proof is greater for a criminal case than for a civil case?  The proof to establish the guilt of any person must be beyond a reasonable doubt.  Do you have any difficulty with the fact that even if you believed the prosecution proved some of the elements of a crime, if you were left with a reasonable doubt as to any one element, you would be required to acquit?

29.     If the prosecution failed in its burden of proof with that degree of moral certainty amounting to proof beyond a reasonable doubt, would you have any difficulty in finding a person not guilty?  Do you understand that such a reasonable doubt can be based on a lack of evidence and if you find that due to a lack of evidence the Government has failed to prove its case, beyond a reasonable doubt, you must acquit.

30.     Do you realize that you must give the Defendant the benefit of the presumption of innocence without any mental reservations whatsoever and that you are to consider this presumption of innocence as actual proof of innocence until it is overcome by proof of guilt beyond a reasonable doubt?

31.     Knowing now that the burden of proof is for the prosecution to establish, would you require the Defendants at anytime to satisfy you as to his innocence?

32.     Do you understand and accept the principle that a Defendant in a criminal case is not required to explain his or her side of the case since the burden of proof does, in fact, rest with the prosecution?

33.     If the Defendant chooses to exercise his constitutional right not to testify, would you consider this to be any indication whatsoever of guilt?

34.     If after you hear the evidence you weren't convinced and you thought the evidence showed he was probably guilty, would you nevertheless be able to return a verdict of

6

not guilty in this case?

35.     Do you realize that you are the sole and exclusive judge of the facts and that you are to judge this case solely on the evidence before you and not allow the fear of later criticism to affect your verdict?

36.     Would any of you change your verdict if a majority of the other jurors believed that a person was guilty and you were in the minority?

37.     Would the fact that you were in the minority influence your vote at all?

38.     Have any of you at this time formed any opinion about the guilt or innocence of the Defendant that would require evidence to remove such opinion?

39.     Do you know of any reason or has anything occurred during this questioning period, that might make you doubtful as to whether you could be a completely fair and impartial juror in this case?  If there is, it is now your duty to disclose this.

40.     In deciding whether or not you are going to credit the testimony of a witness, would you consider the witness' conduct on the witness stand, the ability and opportunity to observe, any bias or prejudice and the probability or improbability of the testimony.

41.     Would any of you tend to give any greater weight or credibility, not matter how slight, to the testimony of a police officer, federal agent or prosecution witness merely because they are employees of or are testifying on behalf of the Government.

42.     Do we have your assurance that you will not allow your personal feelings about attorneys to affect your judgment about the innocence or guilt of the Defendant.


The Defendant reserves the right to supplement these questions at anytime prior to or

during the selection of the jury.


DATED:          December 21, 2015                    Respectfully submitted,



                                        ss/    *Kenneth M. Moynihan*

                                               Kenneth M. Moynihan, ESQ.
                                               Bar Roll # 508472
                                               120 East Washington Street
                                               Suite 825
                                               Syracuse, New York 13202
                                               315-424-4944

To:     The Honorable Glenn T. Suddaby

        Carla Freedman
        Assistant United States Attorney