UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

           Plaintiff,

v.                               **SENTENCE MEMORANDUM**

DERRICK WILSON,               14-CR-273 (GTS)

           Defendant.

      Defendant, DERRICK WILSON, submits this Sentence Memorandum in support of issues that will be raised at the time of his sentence scheduled for July 20, 2016.

## FACTUAL BACKGROUND

      On January 21, 2016, the Defendant DERRICK WILSON was found guilty by a jury trial of membership in a conspiracy to Possess with Intent to Distribute and to Distribute Cocaine Base and Heroin, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A), and §846; and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(B).

## CRIMINAL HISTORY

      The Defendant DERRICK WILSON has 5 criminal history points and according to the sentencing table in U. S. S. G Chapter 5, Part A, a criminal history score of 5 establishes a Criminal History Category of 3, the Pre-Sentence Report also establishes a Criminal History Category of 5, and the Government agrees as well.

## SENTENCE ISSUES

### Offense Level Computation

The base offense level for a violation of 21 U.S.C. §846 is found in U.S..S. G. §2D1.1. The jury found the Defendant accountable for 280 grams or more of cocaine base and one kilogram or more of heroin, and the base offense level is 30, as set forth in the Pre Sentence Report, hereinafter (PSR).

### Factual Challenge

The Defendant DERRICK WILSON has challenged the enhancements to the offense level computation. An addendum to the Pre-Sentence Report reflects these factual challenges. In particular, the Defendant challenges the 2 level increase pursuant to 2D1.1(b)(12), "stash house" increase; and the 4 level increase for "leadership role" pursuant to 3B1.1(a), as contained in the PSR.

Also, in the sentence addendum, the Government has requested a 2 level enhancement for obstruction of justice pursuant to 3C1.1.

In the Government's request for the obstruction enhancement, it is based upon the fact that the Defendant testified at trial and was convicted of the charged offenses. The Defendant exercised his constitutional right to a trial and to testify in his own defense. A conviction should not form the basis for this increase, and violate his rights to due process.

The Government must prove and the District Court must find a fact relevant to sentencing

2

by a preponderance of the evidence. *United States v. Gaskin*, 364 F. 3d 438, 464 (2nd Cir. 2004), quoted in *United States v. Proshin*, 428 F. 3d 235 at 238 (2nd Cir. 2006). The burden of proving a fact relevant to sentencing is on the Government, which must prove the fact "by a preponderance of the evidence." *Irving supra*, at 72.

A *Fatico* hearing is a sentence hearing at which the prosecution and the defense may introduce evidence relating to the appropriate sentence. *United States v. Fatico*, 603 F. 2d 1053 (2nd Cir. 1979), *United States v. Lohan*, 945 F. 2d 1214, 1216 (2nd Cir. 1991).

In *Fatico*, it was stated "And although we do not believe that a sentencing hearing will be necessary every time a defendant disputes facts or statements in the pre-sentence report, we certainly would not hold it an abuse of discretion on the part of a district judge to hold such a hearing where there is reason to question the reliability of material facts having in the judge's view direct bearing on the sentence to be imposed, especially where those facts are essentially hearsay". *Fatico* at 1057.

## SENTENCING

While a sentencing Court is statutorily obligated to give fair consideration to the Sentencing Guidelines before imposing sentence, in the end, it must make an individualized assessment of the sentence warranted by the statutory sentencing factors based upon the facts presented. In imposing sentence, the District Court may not presume the reasonableness of the Sentencing Guidelines ranges; rather, in every case, the District Court must make an individualized assessment of the

appropriate sentence based upon the facts presented and the statutory sentencing factors, *United States v. Jones* 531 F.3d 163 (2nd Cir. 2008), *United States v. Williams*, 524 F. 3d 209 (2nd Cir. 2008).

The court "should begin all sentencing proceedings by correctly calculating the applicable guidelines range." *Gall v. United States*, 552 U.S. 38, at 48 (2007). "An error in determining the applicable Guideline range, would be the type of procedural error that could render a sentence unreasonable under *Booker*." *United States v. Selioutsky*, 409 F.3d 114, 118 (2nd Cir. 2005).

Prior to sentencing, the Court must resolve any material issues of fact, and must state its factual findings, by adoption of the PSR or otherwise, on the record in a manner sufficient to permit appellate review. The Court is authorized to make all factual determinations relating to the Sentencing Guidelines by a preponderance of the evidence, considering any reliable evidence, including hearsay. *See United States v. Gonzalez*, 407 F.3d 118, 125 (2nd Cir. 2005) (the power of district judges to resolve disputed facts by a preponderance of the evidence at sentencing survives *Booker*). *Crosby,* 397 F.3d at 115. Section 3553(c) requires the district court, "at the time of sentencing,"to "state in open court the reasons for its imposition of the particular sentence." "[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require a lengthy explanation." *Rita,* v. *United States*, 557 U.S. 338, at 356 (2007). Still, "[w]here a prosecutor or defendant presents non-frivolous reasons for imposing a different sentence, the judge will normally explain why he has rejected those arguments." *Id.* Greater specificity is

4

required for: (1) sentences within a Guidelines range that exceeds 24 months – for which the court must state "the reason for imposing a sentence at a particular point within the range" (18 U.S.C. § 3553(c)(1)); and (2) sentences outside the Guidelines range, for which the court must state orally and in the written judgment "the specific reason" for the imposition of the sentence (18 U.S.C. § 3553(c)(2)). *See, e.g., United States v. Lewis*, 424 F.3d 239, 249 (2nd Cir. 2005) (remanding because, in imposing a sentence for supervised release violation, the district court failed to state sufficient reasons for imposing a sentence outside the range recommended by Guidelines policy statements); *United States v. Goffi*, 446 F.3d 319, 321-22 (2nd Cir. 2006) (remanding for the district court to amend the written judgment to state the specific reason for the imposition of a sentence outside of the policy statement for a probation violation). When a sentence deviates significantly from the Guidelines, and the judge has not made a compelling statement of reasons, the Second Circuit "may be forced to vacate" if "the record is insufficient, on its own, to support the sentence as reasonable." *United States v. Rattoballi*, 452 F.3d 127 at 135. (2nd Cir. 2006) In *Nelson v. United States*, 555 U.S. 350 (2009), the Supreme Court held that the Sentence Guidelines are advisory, and it is error to treat them as presumptively reasonable.

## GUIDELINE ANALYSIS

Pursuant to U. S. S. G. Chapter 5, Part A, based upon a total offense level of 30, and a Criminal History Category of 3, the advisory guideline range of imprisonment is 121 to 151 months. The Probation Department as well as the Government disagree with this analysis. However,

on Count 1 the minimum term of imprisonment is 20 years, and the maximum is life, pursuant to 21 U.S.C. §841 (b)(1)(A), and on count 2 the minimum term of imprisonment is 10 years, and the maximum is life, pursuant to 21 U.S.C. §841 (b)(1)(B).

## SENTENCE FACTORS

That the factors to be considered in imposing a sentence are contained in 18 U.S.C. §3553 (a). These factors include the nature and circumstances of the offense, and the history and characteristics of the Defendant. Also, the need for the sentence to reflect the seriousness of the offense, respect for the law, and just punishment. In addition, the sentence should afford deterrence to criminal conduct, protection for the public from further crimes of the Defendant, and the appropriate correctional setting for the Defendant. In making its determination herein, this Court should consider, among other things, that the Defendant, DERRICK WILSON, is subject to a mandatory minimum sentence of 20 years. No co-Defendant, even at the highest level of admitted involvement, has been sentenced to a term of imprisonment to more than 130 months (less than 11 years). In addition, the Defendant has one prior felony conviction, and a 2 point increase for a violation during his supervised release from prison to create Criminal History category 3. The Government in its sentence memorandum, has characterized the Defendant as a violent individual, however, the incidences referred to by the Government were either dismissed or covered by another case, and in essence dismissed. The Government has overstated and over-characterized the import of the criminal history reported in the PSR, which is essentially hearsay, without proof. The Court's

ability to impose a non-guideline sentence based solely on a policy disagreement with the guideline itself applies to all guidelines. *Cunningham v. California*, 549 U. S. 270 (2007) Then in *Rita, supra,* the Court held that because the guidelines may not be presumed reasonable at sentencing, sentencing judges are permitted to find that the guidelines sentence itself fails properly to reflect §3553 (a) considerations, that the guidelines reflect an unsound judgment. The mandatory minimum sentence of 20 years will allow this Court to impose a sentence that is "sufficient but not greater than necessary" to achieve the goals of sentencing. It is respectfully requested, that this Court impose this non-guideline sentence for the reasons set forth above, in the event the Court disagrees with the Defendant's calculation.

## ROLE OF THE COURT

Prior, and well before the landmark decision in *Booker* and its progeny, in *United States v. Williams*, 65 F.3d 301 (2nd Cir. 1995), it was stated: "We wish to emphasize that the Sentencing Guidelines do not displace the traditional role of the district court in bringing compassion and common sense to the sentencing process, in areas where the Sentencing Commission has not spoken, district courts should not hesitate to use their discretion in devising sentences that provide individualized justice" *Id.* 309-310. Under the post-*Booker* advisory Sentencing Guidelines regime, while the sentencing judge must give respectful consideration to the Guidelines as one of an array of factors warranting consideration, the sentencing judge also has discretion to determine in a particular case, a within guidelines sentence is "greater than necessary " to serve the objectives

of sentencing. *United States v. Regalado*, 518 F. 3d 143 (2nd Cir. 2008). The requested sentence is more than adequate to punish DERRICK WILSON for the crimes for which he stands convicted, and awaits sentence by this Court.

Dated: July 6, 2016

                                      Respectfully submitted,

                                      STEPHEN LANCE CIMINO
                                      Attorney for Defendant
                                      DERRICK WILSON
                                      Office and PO Address:
                                      Suite 300
                                      307 South Clinton Street
                                      Syracuse, New York  13202-1250
                                      Telephone:  (315) 428-1000